Mr. Justice Richardson
delivered the opinion of the Court:
The proper inquiry is, at whose wharf did the schooner lay, i. e. does the floatingin the plaintiff’s dock or the mooring to Magwood’s wharf, give the' right to the rates of wharfage ? The language of the act in fixing the rates of wharfage is not explicit. The first class of rates is called “ wharfage of ships, &c. for each day that such vessel shall lay at any wharf.” What position is meant, by “ laying at a wharf,” is-left to construction. Custom has heretofore, as I understand, allowed the wharfage for laying at a wharf, to that wharf, in the dock of which the vessel floats, although she may be moored to a different wharf. Five witnesses, Mr. Crawford, Gibbs, Lothrop. Ingraham and Butler agreed in this, and thought that the charge for landing would follow that forlayage. - Mr. In-graham mentioned an instance of $ 700 rent being paid by Chislom to Doyley for the use of his dock, adjoining *106 Chislonfs wharf. But Mr. Payne thought that no right to wharfage of any kind could accrue to the plantiff; but that the rates ought to go to the wharf, at which, the schooner had been moored. He conceived that the mere use of the dock gave no claim, because the dock, as he supposed, belongs to the state. I will not affect to decide in whom the fee simple of the dock is vested. For the present, it suffices to say, that the act of 1778 allows the rates of wharfage ; and the right to the use of the dock i» presupposed, in order to authorize the charge of such rates, by any person. But if the docks were common to all the wharves, the indiscriminate use of them would be productive of endless contention, partialities and injustice. On the' other hand, in whomsoever the fee simple may be, the custom is plain, reasonable and consistent with the essential characteristics of the rates of wharfage, to allow to each wharf the use of the water directly in front ; and to consider such water, (at least for the purpose of enforcing the act arid allowing the rates,) as part of the wharf. The moment this space of water, called the dock, is thus appropriated to its proper wharf, it follows, that a vessel floating in the dock of any wharf, though moored to a different wharf, must be considered as laying at the former wharf; and the rates of wharfage due by her, must go to that wharf. In a word, lay age gives the rates of wharf-age. For instance, if goods laying on a wharf should be taken from such wharf by water, the wharf so discharging the goods, receives the l’ates. This arises under that class of rates called “ wharfage of goods loaded at, or taken from any wharf by water.” (P. L. 29£>.) So the'charge' for landing in the instance before us, comes under that class of rates, called “ wharfage'ofgoods landed or laden from one vessel to another at any wharf.” (P. L. 294.) Here must be meant the rates to be paid by the vessel which unloads, not that which receives the goods. Now in the present instance, the schooner did unload and discharge the goods, and she lay at the time in the dock, which is the same as at the wharf of'the plaintiff. The *107 plaintiff's wharf, then, received the schooner with her cargo, and from his wharf the cargo was discharged. The schooner, for the purpose of landing the goods, being at the wharf from whiehthegoods were taken in the former instance : That is to say, as she lay at the plaintiff’s wharf, she was for that purpose as part of his wharf. It follows, as in the former instance, that the wharf which had deceived, and does discharge the goods, is entitled to the rates of wharfage.
Hayne, At’y. Gen. for the motion.
Simons, contra.
The motion is therefore dismissed.
Justices Colcock, Nott, Huger and Johnson, concurred.